TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:  (213) 894-6077/4443
        Facsimile:  (213) 894-0141
        E-mail:      ruth.pinkel@usdoj.gov
                     lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-00485-DSF |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A REVISED PROTECTIVE ORDER REGARDING DISCOVERY |
| v. | |
| MARK RIDLEY-THOMAS and MARILYN LOUISE FLYNN, | PROPOSED ORDER FILED SEPARATELY |
| Defendants. | |

        Plaintiff, United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Ruth C. Pinkel and

Lindsey Greer Dotson; defendant MARK RIDLEY-THOMAS, individually and

by and through his counsel of record, Michael J. Proctor and Galia

Z. Amram; and defendant MARILYN LOUISE FLYNN, individually and by

and through her counsel of record Vicki I. Podberesky, Brian J.

Hennigan, and Samantha L. Schnier (collectively, the "parties"), for

the reasons set forth below, request that the Court enter the

proposed revised protective order (the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) medical or health information, (3) material that may contain information within the scope of the Privacy Act, (4) confidential information related to whistleblowers, potential victims, and witnesses who may testify at trial, and (5) confidential information related to an ongoing grand jury investigation, which if disclosed, may compromise the integrity of that investigation.  The Court previously entered a protective order in this matter (dkt. 35), and by and through this stipulation, the parties seek modifications to the existing order.

Introduction and Grounds for Protective Order

1.    Defendants MARK RIDLEY-THOMAS and MARILYN LOUISE FLYNN (collectively, the "defendants") are charged in this matter with Conspiracy (18 U.S.C. § 371), Bribery (18 U.S.C. § 666), and Honest Services Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343, 1346). Defendants are released on bond pending trial.

2.    A protective order is necessary because the government has produced and intends to produce to the defense materials containing third parties' PII and medical information.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  Because the government has an ongoing obligation to protect third parties'

PII and medical information, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.  PII and medical information make up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that may be confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

3.   An order is also necessary because the government has produced and intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

4.   A protective order is necessary because the government has produced and intends to produce to the defense confidential materials regarding a whistleblower, potential victims, and other witnesses who assisted with the government's investigation and who may testify at trial, as well as sensitive information related to an ongoing grand jury investigation, which if disclosed, may compromise the integrity of that investigation.  The government believes that the unauthorized dissemination or distribution of the materials may compromise the government's ability to continue investigating

subjects and interviewing witnesses who, if they were to become aware of the status of the ongoing investigation or testimony of other witnesses, may alter, intentionally or otherwise, their accounts of events or destroy evidence.  Furthermore, to incentivize the reporting of possible criminal activity and cooperation with federal authorities, the identity of whistleblowers and others cooperating with law enforcement, and their testimony, must be protected.

5.   The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendants.

Definitions

6.   The parties agree to the following definitions:

a.   "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

b.   "Medical Materials" includes any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number or Medicare/Medi-Cal number.

c.   "Investigation Information" includes any information relating to a whistleblower, potential victim, or witness's cooperation with law enforcement or a government internal investigation, assistance in this or other investigations, or any other information that could be used to identify such an individual,

including name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.  Investigation Information also includes sensitive information related to an ongoing grand jury investigation, which if disclosed, may compromise that investigation.

d.   "Confidential Information" refers to any document or information containing PII Materials, Medical Materials, or Investigation Information that the government produces to the defense pursuant to this Protective Order and any copies thereof.

e.   "Defense Team" includes (1) defendants' counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firms who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case; and (6) others consulting with defense counsel under the attorney-client privilege. The Defense Team does not include defendants, defendants' family members, or any other associates of the defendants.

Terms of the Protective Order

7.   The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

a.   The government is authorized to provide defense counsel with Confidential Information marked with the following

legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

b.    If a defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding a defendant's objection, the defendant may apply to the Court to have the designation removed.

c.    Defendants and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

d.    The Defense Team shall not permit anyone other than the Defense Team and defendants to have possession of Confidential Information, while outside the presence of the Defense Team, with the following exceptions:

i.    The Defense Team may provide Confidential Information to counsel for a witness or potential witness in advance of a witness interview.  Before being given any portion of Confidential Information, however, any witness, potential witness, and counsel for a witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order and agree to not further disseminate any Confidential Information, or its contents, unless for purposes of seeking legal advice.  Although the

Defense Team may provide Confidential Information to counsel for a witness in advance of a witness interview, no member of the Defense Team shall permit a witness, potential witness, or counsel for a witness to retain Confidential Information.  Following an interview with a witness or potential witness, or following a decision by the witness or potential witness to decline an interview, the Defense Team shall confirm with the witness or potential witness, or counsel for the witness, that the witness or potential witness has destroyed or returned to the Defense Team any Confidential Information in the witness's possession.  Following an interview with a witness or potential witness, or following a decision by the witness or potential witness to decline an interview, the Defense Team shall also confirm with counsel for the witness that counsel has destroyed or returned to the Defense Team any Confidential Information in counsel's possession; and

ii.  James Flynn may possess Confidential Information provided he (1) agrees in writing to be bound by the terms of the Protective Order and (2) agrees to destroy or return to the Defense Team all Confidential Information within 30 days of the conclusion of appellate and post-conviction proceedings in this case.

e.  Defendants may see, review, and have possession of Confidential Information as permitted by this Protective Order, but defendants may not show, disseminate, or otherwise disclose Confidential Information, or its contents, to anyone who is not a member of the Defense Team, with the exception of James Flynn.

f.  The Defense Team, but not defendants unless in the presence of defense counsel, may show Confidential Information to a witness, potential witness, and counsel for a witness, but the

Defense Team may not permit a witness, potential witness, or counsel for a witness to possess any Confidential Information outside the presence of the Defense Team unless the requirements of paragraph 6(i)(i) have been met.

g.   Defense counsel may also review Confidential Information with an attorney who is not part of the Defense Team, for purposes of conferring regarding legal strategy in this case. Before being shown any portion of Confidential Information, however, any attorney must be informed of, and agree in writing to be bound by, the requirements of the Protective Order and agree to not further disseminate any Confidential Information, or its contents, including to other clients.

h.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than the individuals expressly permitted by the Protective Order to see Confidential Information; (2) not divulging the contents of Confidential Information to anyone other than the individuals expressly permitted by the Protective Order to receive or obtain the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's or defendants' offices, homes, vehicles, or personal presence, except as permitted in paragraphs 6(i), 6(j), and 6(k).

i.   To the extent that defendants, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information

subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

j.   The Defense Team and defendants shall use Confidential Information only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by defendants and any motion filed by defendants pursuant to 28 U.S.C. § 2255.  In the event that a defendant needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the defendant seeking to file such information publicly shall provide advance written notice to the government to afford the government an opportunity to object or otherwise respond to such intention.  If the government does not object to the proposed filing, the defendant seeking to file such information shall redact any Confidential Information and make all reasonable attempts to limit the divulging of Confidential Information.

k.   The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team and defendants shall take immediate steps to destroy the unmarked material, including any copies.

l.   Confidential Information shall not be used by defendants or the Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all Confidential Information, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

m.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all Confidential Information.

n.   Defense counsel agrees to advise their respective client (defendant RIDLEY-THOMAS or defendant FLYNN), all members of

the Defense Team, and any other individual to whom Confidential Information is divulged of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing access to any materials subject to the Protective Order.

   o.   Defense counsel agrees that the requested Protective Order would supersede and replace the prior protective order filed at docket no. 35.  Any Confidential Information the government previously produced to the Defense Team pursuant to the terms of the prior protective order shall be subject to the terms of the Protective Order.

   p.   Defense counsel has conferred with their respective client (defendant RIDLEY-THOMAS or defendant FLYNN) regarding this stipulation and the proposed order thereon.  Defendants represent that they are not yet in a position to agree with, or consent to, the representations the government makes in this stipulation regarding the contents of the discovery.  By signing this stipulation individually and also by and through counsel, defendants agree to be bound by the terms of the proposed order and will not show, disclose, or otherwise disseminate Confidential Information, or its contents, to anyone who is not a member of the Defense Team absent an order of the Court modifying the terms of any protective order or otherwise permitting such disclosure.  This stipulation does not prejudice the ability of defendants to later challenge any protective order or particular designation thereunder.  Nor shall this stipulation be constituted as an admission or operate to shift the burden associated with a protective order.

1          q.   Accordingly, the parties have agreed to request that

2    the Court enter a protective order in the form submitted herewith.

3         IT IS SO STIPULATED.

4    DATED: February 23, 2022          TRACY L. WILKISON
                                       United States Attorney
5
                                       SCOTT M. GARRINGER
6                                      Assistant United States Attorney
                                       Chief, Criminal Division
7

8                                      *Lindsey Greer Dotson*
                                       _____
9                                      RUTH C. PINKEL
                                       LINDSEY GREER DOTSON
10                                     Assistant United States Attorneys

11                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
12

13

14   DATED: February ___, 2022         _____
                                       Defendant MARK RIDLEY-THOMAS
15

16

17   DATED: February ___, 2022         _____
                                       MICHAEL J. PROCTOR
18                                     GALIA Z. AMRAM

19                                     Attorneys for Defendant
                                       MARK RIDLEY-THOMAS
20

21

22   DATED: February ___, 2022         _____
                                       Defendant MARILYN LOUISE FLYNN
23

24   DATED: February ___, 2022         _____
                                       VICKI I. PODBERESKY
25                                     BRIAN J. HENNIGAN
                                       SAMANTHA L. SCHNIER
26
                                       Attorneys for Defendant
27                                     MARILYN LOUISE FLYNN

28

1          q.   Accordingly, the parties have agreed to request that

2     the Court enter a protective order in the form submitted herewith.

3          IT IS SO STIPULATED.

4     DATED: February ___, 2022          TRACY L. WILKISON
                                         United States Attorney
5

6                                        SCOTT M. GARRINGER
                                         Assistant United States Attorney
7                                        Chief, Criminal Division

8                                        _____

9                                        RUTH C. PINKEL
                                         LINDSEY GREER DOTSON
10                                        Assistant United States Attorneys

11                                        Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA
12

13

14    DATED: February 23, 2022          _____
                                         Defendant MARK RIDLEY-THOMAS
15

16
      DATED: February 11, 2022
17                                        _____
                                         MICHAEL J. PROCTOR
18                                        GALIA Z. AMRAM

19                                        Attorneys for Defendant
                                         MARK RIDLEY-THOMAS
20

21    DATED: February ___, 2022
22                                        _____
                                         Defendant MARILYN LOUISE FLYNN
23

24    DATED: February ___, 2022
25                                        _____
                                         VICKI I. PODBERESKY
26                                        BRIAN J. HENNIGAN
                                         SAMANTHA L. SCHNIER
27
                                         Attorneys for Defendant
28                                        MARILYN LOUISE FLYNN

12

1        q.    Accordingly, the parties have agreed to request
         that

2        the Court enter a protective order in the form submitted
         herewith.

3        IT IS SO STIPULATED.

4        DATED: February ___, 2022        TRACY L. WILKISON
                                          United States Attorney

5

6                                         SCOTT M. GARRINGER

7                                         Assistant United States Attorney
                                          Chief, Criminal Division

8                                         _____

9                                         RUTH C. PINKEL
                                          LINDSEY GREER DOTSON
                                          Assistant United States
10                                        Attorneys

11                                        Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA
12

13
    DATED: February ___, 2022

14                                        _____
                                          Defendant MARK RIDLEY-THOMAS

15

16
    DATED: February ___, 2022 11

17                                        _____
                                          MICHAEL J. PROCTOR
                                          GALIA Z. AMRAM

18

19                                        Attorneys for Defendant
                                          MARK RIDLEY-THOMAS

20

21  DATED: February 14, 2022
                                          _____
                                          Defendant MARILYN LOUISE FLYNN

1    q.    Accordingly, the parties have agreed to request that

2  the Court enter a protective order in the form submitted herewith.

3    IT IS SO STIPULATED.

4  DATED: February ___, 2022          TRACY L. WILKISON
                                      United States Attorney
5
                                      SCOTT M. GARRINGER
6                                     Assistant United States Attorney
                                      Chief, Criminal Division
7

8                                     _____
                                      RUTH C. PINKEL
9                                     LINDSEY GREER DOTSON
                                      Assistant United States Attorneys
10

11                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
12

13
   DATED: February ___, 2022          _____
14                                    Defendant MARK RIDLEY-THOMAS

15

16
   DATED: February 11, 2022           _____
17                                    MICHAEL J. PROCTOR
                                      GALIA Z. AMRAM
18

19                                    Attorneys for Defendant
                                      MARK RIDLEY-THOMAS
20

21
   DATED: February ___, 2022          _____
22                                    Defendant MARILYN LOUISE FLYNN

23

24  DATED: February 14, 2022          _____
25                                    VICKI I. PODBERESKY
                                      BRIAN J. HENNIGAN
26                                    SAMANTHA L. SCHNIER

27                                    Attorneys for Defendant
                                      MARILYN LOUISE FLYNN
28