# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>           v.<br><br>MARK RIDLEY THOMAS,<br>    Defendant. | CR 21-485 DSF -1<br><br>Order re Government Motion in Limine No. 2 |

The Court has reviewed the papers submitted with respect to the government's Motion in Limine No. 2.

First, the Court largely agrees with the government's position in its opposition to Defendant Mark Ridley-Thomas's latest request for an in camera filing that Defendant is improperly concealing his admissibility arguments behind a claim of "litigation strategy." While it is possible that some of the material submitted in camera could or should be protected pretrial, much of the material in the submissions amounts to the application of Defendant's general admissibility arguments to specific pieces of evidence. The government should be privy to this analysis and be able to counter it.

Second, there is clearly a disconnect between the scope of the evidence the government is challenging and what Defendant seems to think the government is challenging. The Court sees no basis for reading the initial motion as challenging only seven pieces of evidence as Defendant asserts, so it is unclear whether Defendant is implicitly conceding the government's argument with respect to the other, undiscussed evidence.

   Third, Defendant has a colorable argument that specific evidence showing his preexisting support for the County actions at issue prior to the alleged bribery should be admitted under Rule 404(b).[1]  However, the Court is inclined to apply this narrowly.  Having reviewed Defendant's in camera submission where he actually discusses specific evidence, the Court is not inclined to admit past acts evidence that merely shows a generic, general commitment to working with USC or USC officials or to working generally on mental health care or probation services.  The type of evidence that could be admissible is evidence that shows a preexisting commitment to the specific acts ratified by the County or <u>very closely</u> adjacent acts or policies or proposed acts or policies.

   The parties are ordered to meet and confer in order to discuss <u>specific evidence</u> at issue consistent with this order.  The Court will grant the pending request to file in camera, but this should not be interpreted to mean that the Court necessarily believes that all of the material in the submission should be kept from the government, as noted earlier in this order.  At the hearing on February 13, the parties should be prepared to discuss specific pieces of evidence, if any, still at issue and their specific arguments related to those pieces of evidence.

   IT IS SO ORDERED.

Date: February 6, 2023

*[signature: Dale S. Fischer]*

Dale S. Fischer
United States District Judge

---

[1] The defense argues that Rule 404(b) does not apply, but if it did the evidence would be admissible under that Rule.  The Court is more skeptical that the evidence should be admitted as "inextricably intertwined" with the charged offense, even assuming that it makes logical sense to apply the concept to evidence offered by the defense.